FILED
CHARLOTTE, NC
MAR 01 2012
U.S. DISTRICT COURT
WESTERN DISTRICT OF NC

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| AVLON INDUSTRIES, INC. <br><br> Plaintiff <br><br> vs. <br><br> DBS DESIRES BEAUTY SUPPLY and DOES 1-5 <br><br> Defendants. | Civil Action No.: 3:11-cv-426 |

## CONSENT JUDGMENT AND PERMANENT INJUNCTION

The parties in the above captioned proceeding have resolved their dispute pursuant to a settlement agreement which contemplates, inter alia, the entry of the following Consent Judgment and Permanent Injunction in favor of Plaintiff and against Defendant. By consent of the parties, the Court hereby enters judgment in the form set forth herein.

NOW, THEREFORE, it is ORDERED, ADJUDGED and DECREED:

1. Avlon is an Illinois corporation with its principal place of business at 1999 North 15th Avenue, Melrose Park, Illinois 60160.

2. Defendant DBS Desires Beauty Supply is a North Carolina corporation having a place of business at 2813 West Sugar Creek Road, Charlotte, North Carolina 28262.

3. The Court has personal jurisdiction over the parties in this case, and venue is proper within this judicial district pursuant to 28 U.S.C. § 1391(b).

4. The Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 1367.

1

5. Avlon is the owner of numerous trademarks which it uses in connection with its line of professional grade hair care products, including, but not limited to, United States Trademark Registration No. 1,376,804, No. 1,767,128, and No. 1,763,923 (collectively "the Avlon Marks").

6. Avlon's line of professional grade hair care products includes, but is not limited to, the AFFIRM® Conditioning Relaxer System kit (hereinafter, the "AFFIRM® Product Kit").

7. Defendant has altered, tampered with, and made unauthorized sales of product, including the AFFIRM® Product Kit, bearing one or more of the Avlon Marks.

8. Avlon has alleged that Defendant's actions constitute, *inter alia*, trademark infringement, unfair competition, and unfair and deceptive trade practices, the particulars of which allegations are more fully set forth in the Complaint filed in this lawsuit.

9. Avlon and the Defendant each have consented to the entry of judgment in this matter in favor of Avlon and against Defendant with respect to each of Avlon's claims against Defendant.

10. Accordingly, the Court finds that Defendant's alteration, tampering, and unauthorized sales of Avlon's trademarked products, including, but not limited to, AFFIRM® branded products, constitute: trademark counterfeiting, trademark infringement, and unfair competition under the law of the United States, Title 15, United States Code; trademark infringement, trademark counterfeiting, and deceptive or unfair trade practice under the North Carolina Unfair and Deceptive Trade Practices and the Trademark Registration Act § 75-1 and § 80-11, et seq., and trademark infringement and unfair competition under the common law of the state of North Carolina.

2

11. Avlon and Defendant have further agreed to the entry of a Permanent Injunction in favor of Avlon and against Defendant.

12. The Court finds that Defendant's conduct has caused, and in the absence of relief from the Court will, continue to cause, irreparable injury to the value and goodwill of the Avlon Marks; that the injury is not readily compensable by traditional remedies at law; that the balance of the hardships with respect to the issuance of an injunction falls in the favor of Avlon; and that the public interest will be served by issuance of an injunction.

13. Accordingly, Defendant, along with its agents, servants, employees, representatives, subsidiaries, successors, and assigns, and all persons acting in concert or participation with them are PERMANENTLY ENJOINED and restrained from:

    a. imitating, copying, or making any other infringing use or infringing distribution of hair care products or items protected by any of Avlon's trademarks, including, but not limited to, Trademark Reg. No. 1,376,804 (AFFIRM®);

    b. manufacturing, assembling, producing, distributing, offering for distribution, circulating, selling, offering for sale, advertising, importing, promoting, or displaying any hair care or salon product item or thing bearing any simulation, reproduction counterfeit, copy, or colorable imitation of any Avlon product protected by any of Avlon's trademarks, including, but not limited to, Reg. No. 1,376,804 (AFFIRM®);

    c. using any simulation, reproduction, counterfeit, copy or colorable imitation of any of Avlon's trademarks, including, but not limited to, Reg. No. 1,376,804 (AFFIRM®), in connection with the manufacture, distribution, offering for

3

distribution, sale, offering for sale, advertisement, promotion, or display of any hair care or salon product, item or thing not authorized or licensed by Avlon;

    d. using any false designation of origin or false description which can or is likely to lead the trade, or public or individuals erroneously to believe that any hair care or salon product, item or thing has been manufactured, produced, distributed, offered for distribution, advertised, promoted, displayed, licensed, sponsored, approved, or authorized by or for Avlon, when such is not true in fact;

    e. engaging in any other activity constituting an infringement of any of Avlon's trademarks, including, but not limited to, Reg. No. 1,376,804 (AFFIRM®), or of Avlon's rights in, or rights to use or to exploit Avlon's trademarks, or constituting any dilution of Avlon's name, reputation, or goodwill; and

    f. assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in paragraph 15(a-e) above.

14. This *Consent Judgment and Permanent Injunction* shall be enforceable by Avlon and its successors and assigns, and shall be enforceable against Defendant and its successors and assigns.

15. Each party shall bear its own costs and attorneys' fees.

ENTERED, this ___1st___ day of ___March___, 2012.

                                              The Hon. Graham C. Mullen
                                              United States District Judge

## CONSENT TO ENTRY OF JUDGMENT AND INJUNCTION

_Desires Beauty Supply_ hereby consents to the entry of judgment in this action in the form specified in the foregoing pages.

2-27-2012.
Date

By: _Aklilu Tadesse_
Owner

STATE OF NORTH CAROLINA

ss.

COUNTY OF MECKLENBURG

I, _Amy B. Yow_, a Notary Public for said County and State do hereby certify that, on the date below, _Aklilu Tadesse_, personally appeared before me and signed the foregoing instrument.

This 27th day of February, 2012.

_Amy B. Yow_ (Notary Public)
Notary's Official Signature

_Amy B. Yow_
Notary's printed or typed name

My commission expires: 7-15-14

Notary Public
AMY B. YOW
NOTARY
PUBLIC
UNION COUNTY, NC

5

APPROVED AS TO FORM AND ENTRY REQUESTED:

s/ Matthew J. Ladenheim
Matthew J. Ladenheim
(NC State Bar No. 29309)
TREGO HINES & LADENHEIM, PLLC
9300 Harris Corners Parkway Suite 210
Charlotte, North Carolina 28269
Phone: 704-599-8911
Fax: 704-599-8719
mjl@thl-iplaw.com
*Counsel for Plaintiff*

s/ Richard M. McDermott
Richard M. McDermott
(NC State Bar No. 21201)
Jeffrey M. Connor
(NC State Bar No. 36344)
ALSTON & BIRD LLP
Bank of America Plaza
101 South Tryon Street, Suite 4000
Charlotte, North Carolina 28280-4000
Phone: (704) 444-1000
Fax: (704) 444-1111
rick.mcdermott@alston.com
jeffrey.connor@alston.com
*Counsel for Defendant DBS Desires Beauty Supply*